### THOMPSON & COMPANY vs. OVERSTREET.

The verdict in this case was not contrary to the evidence or the charge of the court.

April 27, 1888.

Verdict. New trial. Before Judge HINES. Emanuel superior court. November term, 1887.

Mrs. Overstreet brought her bill against A. C. Flanders, executor of Richard Sumner, Henry Overstreet (her husband), J. P. Pughsley, Pughsley, Tarver & Company, and Jesse Thompson & Company, alleging that Richard Sumner, her father, died in May, 1878, testate, she being one

of the legatees under the will, which was duly probated, and in order to pay off the legatees the lands of the estate were put up and sold at public outcry under proper order of the court of ordinary; that at this sale, by agreement between herself, her husband and the executor, her husband bid off the tract of land, as to which the bill was filed, for her; that it was paid for out of her legacy, she giving the executor a receipt, but by fraud or mistake the deed was made to her husband; that she frequently complained of this, and both her husband and the executor acknowledged that the former had no interest in the land and that the deed should have been made to her, but the correction was not made; that afterwards her husband entered into a contract with Jesse Thompson & Company, through their agent, J. P. Pughsley, one of the firm of Pughsley, Tarver & Company, selling to Thompson & Company all the pine timber on 230 acres of the land, giving them the exclusive right of way through the land, and in consideration of fifty cents per acre, the right to use the same for three years from date for boxing trees for turpentine; that all the negotiations of the sale were made through the agent, and he knew all about the rights of complainant, as he was the ordinary of the county when the will was probated and the public sale made, and had full knowledge of the entire transaction; that the will directed that her devise should be free from the control, debts, etc. of her husband; that in addition to the notice above stated, Pughsley was given actual notice, a short time before the negotiations, of the facts above stated; that Thompson & Company paid her husband $100 in money and a note of Pughsley, Tarver & Company for $245, the latter not being taken in extinguishment of the balance due, but simply to be treated as payment when paid; that after the making, but before the maturity of the note, Pughsley, Tarver & Company became hopelessly insolvent, and a receiver was appointed for them, they having already begun operations in working for turpentine on the land, and their interest in the timber

was sold at receiver's sale, at which notice was expressly given of the rights of complainant, but such interest was bought by one Jackson, who is now working the trees for turpentine; that her husband appropriated the money paid to him to his own uses; and that Thompson & Company have already commenced cutting off the timber, and have announced their intention to run a tram railroad through the land, etc. She prayed for cancellation of the deed from the executor to her husband, and of the note given him; that the executor be required to make her a deed; that Thompson & Company be made to pay her for the trees already used, and be enjoined from cutting any more or grading a road-bed through the land; and that their contract with her husband be cancelled.

The only answer made was by Thompson & Company. They set up that they bought the timber in good faith, without knowledge of any legal or equitable claim of complainant to the land; and deny that she has any such claim, and any complicity or fraud, etc.

The only serious conflict in the testimony was on the point of notice. The complainant showed by her husband that Pughsley was ordinary of the county at the time stated in the bill; that he conducted the negotiations for the sale of the timber; and that, in addition to the notice derived from these circumstances, he was told by the husband that the timber belonged to his wife when he came to buy it. It was not claimed that the husband told Thompson & Company or Pughsley, Tarver & Company, at the time of the sale that it so belonged. On the other hand, defendants showed that Pughsley was only the agent of Thompson & Company for the purpose of ascertaining the ownership and value of the timber, and reported it to them, the negotiations being closed by Jesse Thompson himself; that neither Pughsley nor Thompson & Company had at any time any notice of complainant's rights; and that Pughsley, Tarver & Company were indebted to Thompson & Company, who have their note to complainant's

husband and credited it on their indebtedness. There seems to have been no dispute as to the fact that this note was taken by the husband as payment of the balance due. It never has been paid.

In answer to questions submitted to them, the jury found that complainant's money paid for the land; that Pughsley was the agent of Thompson & Company in the purchase of the timber; that he had notice of complainant's rights when he became such agent; and that the timber was worth $1.50 per acre. A decree was entered accordingly. Thompson & Company moved for a new trial on the grounds that the verdict was contrary to law, evidence and the charge of the court. The new trial was refused, and the movants excepted.

WILLIAMS & BRANNEN by HARRISON & PEEPLES, TWIGGS & VERDERY and CAIN & POLHILL, for plaintiffs in error.

No appearance *contra.*

SIMMONS, Justice.

The only question in this case, as shown by the facts in the official report, was the question of whether Thompson & Co. had notice that the land purchased by them belonged to Mrs. Overstreet. Certain questions were propounded by the court to the jury, among them the following: "Was Pughsley agent for Thompson & Co. in the purchase of said timber?" "Did Pughsley have notice of the wife's right and title to said land after he became the agent of Thompson & Co.?" The jury answered both of these interrogatories in the affirmative. We think the evidence authorized the verdict upon these two questions. The court below was satisfied with their finding upon these questions, and we will not interfere with his discretion in refusing to grant a new trial in this case. He was also satisfied that the jury did not find contrary to his charge. The court instructed the jury in effect, that the notice that

Pughsley had, as ordinary of the county, was not sufficient; that the complainant could not recover unless Pughsley had notice of her title after he became the agent of Thompson & Co. The jury found that he had this notice after he became the agent for Thompson & Co. We think the evidence authorized them to so find, and their finding was not contrary to the charge of the court.

Judgment affirmed.